### Smith *versus* Mitchell.

If a receiptor of attached goods give his written contract to pay the officer a specified sum or restore the articles, therein expressly admitting the goods to be of that value, he will not, in an action upon the receipt, be permitted to prove, that the articles were therein overvalued; or that such articles had sunk in price; or that he offered other goods of the same denomination, as good and as valuable as those attached.

Assumpsit, by the sheriff, upon a written contract to pay $500, or re-deliver certain liquors, specified in the contract to be of that value, which the plaintiff had attached on a precept against a third person. Judgment and execution having been obtained by the attaching creditor, the plaintiff seasonably demanded the property. In a suit upon the receipt, the defendant offered to prove that the liquors were overvalued in the contract, and that such property had greatly depreciated in price since the giving of the obligation; also that on the day of the demand he offered to plaintiff other liquors of the same denomination, of as good a quality, and as valuable as those attached would have been, if kept till that time.

This evidence was all rejected.

A default was entered, which is to stand if that rejection was rightful.

W. P. Fessenden, for defendants, cited Sawyer v. Mason, 19 Maine, 49; Shaw v. Laughton, 20 Maine, 268.

Fox, for plaintiff.

TENNEY, J., orally. — The evidence was properly excluded. The defendant had his election whether to pay cash or deliver the identical articles. There was no right reserved to substitute other articles, or to deduct for depreciations. If so, controversies might arise as to the qualities and values. The contract seems framed to avoid such issues.

*Exceptions overruled.*